**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-2146**

_____

LILLIAN ELIZABETH LEIVA-RODRIGUEZ,

              Petitioner,

         v.

PAMELA JO BONDI, Attorney General,

              Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  December 23, 2025                    Decided:  December 30, 2025

_____

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  W. Steven Smitson, SMITSON LAW LLC, Columbia, Maryland, for Petitioner.  Yaakov M. Roth, Acting Assistant Attorney General, Vanessa M. Otero, Senior Litigation Counsel, Christopher G. Gieger, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lillian Elizabeth Leiva-Rodriguez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's oral decision denying Leiva-Rodriguez's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

First, Leiva-Rodriguez repeats her challenge to the agency's jurisdiction over her removal proceedings based on the Department of Homeland Security's failure to identify the time and date of her initial hearing in the charging Notice to Appear. However, as the Board explained, this jurisdictional argument is foreclosed by circuit precedent. *See United States v. Cortez*, 930 F.3d 350, 358-66 (4th Cir. 2019) (holding that a Notice to Appear's failure to include the date or time of the hearing does not implicate the immigration court's jurisdiction or adjudicative authority); *see also United States v. Vasquez Flores*, No. 19-4190, 2021 WL 3615366, at *2 n.3 (4th Cir. Aug. 16, 2021) (argued but unpublished) (reaffirming *Cortez* after considering *Niz-Chavez v. Garland*, 593 U.S. 155 (2021)). Leiva-Rodriguez raises two new iterations of this claim in this court, neither of which were presented to the Board. Accordingly, we agree with the Attorney General that these new arguments are unexhausted, *see* 8 U.S.C. § 1252(d)(1), and thus not properly before us for review, *see Tepas v. Garland*, 73 F.4th 208, 213 (4th Cir. 2023) (observing that, although 8 U.S.C. § 1252(d)(1) "is not jurisdictional," it "remains a mandatory claim-processing rule").

2

Leiva-Rodriguez's lone other argument challenges the denial of CAT relief. Upon review of the record, we conclude that (1) substantial evidence supports the relevant factual findings, *see Nasrallah v. Barr*, 590 U.S. 573, 584 (2020); and (2) the agency committed no legal error in its adjudication of Leiva-Rodriguez's CAT claim, *see Lopez-Sorto v. Garland*, 103 F.4th 242, 253 (4th Cir. 2024) (providing standard for reviewing agency's ruling on CAT claim). Specifically, there is insufficient evidence in this record to compel us to reach a result contrary to that of the agency regarding the "predicted outcome after removal." *McDougall v. Bondi*, 150 F.4th 637, 641 (4th Cir. 2025).

Accordingly, we deny the petition for review. *See In re Leiva-Rodriguez* (B.I.A. Oct. 18, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*